■ NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant, v METROPOLITAN OIL OF PUERTO RICO et al., Respondents.—In a proceeding to confirm the temporary seizure of automotive fuel, a barge and a tugboat pursuant to Tax Law § 1848, the plaintiff New York State Department of Taxation and Finance appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered July 12, 1988, which denied the application.

Ordered that the judgment is reversed, on the law, with costs, and the application to confirm the temporary seizure is granted.

On May 10, 1988, David L. Campbell, a supervising investigator with the plaintiff New York State Department of Taxation and Finance, boarded a barge which was being towed by a tugboat. The barge was carrying 420,000 gallons of motor fuel destined for the defendant Mount Vernon Energy Terminal, doing business as Key Energy. The barge and tugboat were owned or leased by the defendant, Elberth & Sons Towing and Transportation, Inc. (hereinafter Elberth), which, undisput-

ably, had not been registered by the plaintiff as a transporter of motor fuel in the State of New York.

Upon request, the captain of the barge produced a manifest, which had not been completely filled out. The manifest did not show the name or names of the persons to whom the fuel was to be delivered, the place of delivery or the number of gallons to be delivered to each person. The manifest did, however, identify Astro Line Corporation (hereinafter Astro), a Massachusetts-based company, as the distributor/importer of the motor fuel. Astro was found to be a registered distributor in New York. Investigator Campbell determined, after contacting his office, that Astro had sold the motor fuel to the defendant Metropolitan Oil of Puerto Rico (hereinafter Met Oil), based in New Jersey, on May 6, 1988. Met Oil was not a registered distributor/importer in New York. An invoice evidencing the sale was telefaxed by Astro to the plaintiff on May 10, 1988. The invoice stated that Astro "certified that both the New York State Motor Fuel Tax and Prepaid Sales Tax required to be paid on any fuel sold to Met Oil have been or will be paid by [Astro]." The plaintiff seized the motor fuel, the barge and the tugboat pursuant to Tax Law § 1848 (a). It then brought this proceeding pursuant to Tax Law § 1848 (c), seeking confirmation of the temporary seizure anticipatory to an action for forfeiture.

In support of its motion, the plaintiff also tendered a copy of the underlying contract of sale between Astro and Met Oil, which had been telefaxed to it on May 18, 1988, eight days after the seizure. The contract, pointedly contradicting information in the invoice, stated that the contract price of the motor fuel was exclusive of all taxes, and that payment of any and all taxes was the sole responsibility of the buyer, to wit, Met Oil. The contract further stated that title to the motor fuel passed to Met Oil as it was loaded onto the barge in Port Reading, New Jersey, and also, that both Astro and Met Oil represented that they were both licensed for gasoline transactions in the State of New York.

Before a decision was issued on the motion, Atlas Energy of New York, Inc. (hereinafter Atlas) moved to intervene on the ground that it was half owner of the 420,000 gallons of motor fuel. In support of its motion, Atlas tendered an invoice dated May 13, 1988, showing that on May 10, 1988, it purchased 5,000 barrels (i.e., 210,000 gallons) of the motor fuel from a company called Unicel Enterprises, Inc. (hereinafter Unicel). On the invoice, the president of Unicel, Igor Yusim, certified that his "supplier" had stated to him that the original seller,

Astro, would pay all applicable taxes. The invoice does not identify the "supplier". However, the president of Atlas alleged in his affidavit that he had been informed by principals of Unicel that the supplier was Met Oil. It was also alleged that the other half of the total gallonage of the motor fuel was owned by a company called Med Marketing, Inc., to which it had been sold. Neither Unicel nor Med Marketing, Inc. participated in this proceeding.

The Supreme Court denied the motion to confirm the temporary seizure, finding that the plaintiff failed to meet its burden of establishing that there is a substantial probability that it will prevail on the issue of forfeiture (Tax Law § 1848 [c]). The plaintiffs hereby appeal that denial, and we reverse.

Tax Law § 1848 (a) authorizes the temporary seizure of motor fuel being imported for use, distribution, storage or sale in this State, together with the vehicle or other means of transportation used to transport such fuel when it is discovered that "the person importing or causing such motor fuel to be imported" is not registered as a distributor under Tax Law § 283. Confirmation of this seizure must be sought within five business days, and will be granted upon a determination that there is a "substantial probability that the department of taxation and finance will prevail on the issue of forfeiture" (Tax Law § 1848 [c]). Initially, we note that the provision at issue requires that the *distributor* be licensed in New York, so the fact that Elberth is not a registered transporter of motor fuel is irrelevant to our determination.

The evidence submitted in support of the confirmation motion clearly established that "the person importing or causing such fuel to be imported" was not registered as a distributor in this State. The regulations of the New York State Department of Taxation and Finance provide, in relevant part, that "[a] person imports or causes motor fuel to be imported into this State: (i) if such person has ownership of motor fuel at the time the fuel enters New York State's jurisdiction or at any time thereafter up to and including the offloading of such fuel" (20 NYCRR 410.2 [c] [1]). Under this definition the uncontroverted evidence establishes that Met Oil, who purchased the fuel while it was still in New Jersey and retained ownership when the fuel entered New York State's jurisdiction, is a person who imported or caused the motor fuel in question to be imported into this State. Since Met Oil concededly is not registered as a distributor under Tax Law § 283, the plaintiff met its burden of establishing a substantial probability that it would prevail on the issue of

forfeiture, and thus the temporary seizure should have been confirmed.

This conclusion is further supported by the manifest examined by Investigator Campbell when he boarded the barge. Pursuant to Tax Law § 286-b, any vessel in which motor fuel is being transported must have a manifest indicating (1) the name and address of the person from whom such automotive fuel was received, (2) the place of receipt of such fuel, (3) the name and address of every person to whom he is to make delivery, (4) the place of delivery, and (5) the number of gallons to be delivered to each person. Additionally, if the fuel is being imported into this State for use, storage, distribution or sale in this State, the manifest must also contain the name of the distributor importing or causing such fuel to be imported into the State. The absence of such a manifest gives rise to a presumption that the motor fuel is being imported into this State by other than a registered distributor (Tax Law § 286-b). Moreover, the absence of the place of delivery on the manifest gives rise to the presumption that the fuel is being imported into the State for use, distribution, storage or sale in the State, and the absence of the name of a registered distributor on the manifest gives rise to a presumption that the fuel is being so imported or caused to be imported by other than a registered distributor (Tax Law § 286-b). As the manifest provided by the captain of the barge here did not indicate the place of delivery, we are entitled to presume that the fuel was being imported into the State for use, distribution, storage or sale in the State. Furthermore, although the manifest indicated that Astro was the distributor/importer of the motor fuel, Investigator Campbell had information available to him from which he could conclude that this information was erroneous, and that in fact the manifest did not contain the name of a registered distributor.

Based upon the foregoing, we conclude that the plaintiff has established a "substantial probability" that it will prevail on the forfeiture issue. Thus, the temporary seizure is confirmed. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.